**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **V.** | § | **CRIMINAL NO. C-15-214** |
| **AUSTIN CARLIN** | § | |

## MOTION TO DISMISS INDICTMENT

Mr. Carlin, through his counsel the Federal Public Defender, and through the undersigned counsel, submits this motion to dismiss the indictment for the Government's failure to show that the underlying statute named in the indictment has a substantial effect on interstate commerce.

### I.

Mr. Carlin has been charged by indictment with Kidnapping, in violation of 18 U.S.C. § 1201(a).

### II.

Mr. Carlin submits that the statute in question, 18 U.S.C. § 1201(a)(1), is unconstitutional because it does not have the required nexus to interstate commerce. The Due Process Clause of the Fifth Amendment requires the government to prove every element of the crime(s) with which a defendant is charged beyond a reasonable doubt. U.S. Const. Amend. V; *see* In re Winship, 397 U.S. 358, 364 (1970). If the government fails to sustain its burden of proof on any element, the defendant must be acquitted. *See* Winship, id. There are five elements in a prosecution for kidnapping: (1) a knowing or willful (2) seizure of a person against their will (3) for some purpose or benefit (4) using instrumentalities of interstate or foreign commerce. (*See* 18 U.S.C. § 1201(a)(1)). It is the fourth element that causes the constitutional problem here.

Congress has broad powers to enact legislation and the commerce clause is one of the vehicles through which is enacts laws. There are three broad categories of activity that Congress can regulate regarding interstate commerce: channels, instrumentalities and any activity having a substantial effect on interstate commerce. Unites States v. Lopez, 514 U.S. 549, 558 (1995); United States v. Perez, 402 U.S. 146, 150 (1971). The channels of interstate commerce include but are not limited to streets, highways, airports, railroad tracks, rivers, lakes, telephone lines, and television and radio broadcast facilities. United States v. Miles, 122 F.3d 235, 245 (5th Cir. 1997). And the instrumentalities of interstate commerce are objects that affect interstate commerce because they are used as a means of transporting goods and people across state lines. United States v. Bishop, 66 F. 3d 569, 588 (3d Cir, 1995). In the instant case, the government is alleging that Mr. Carlin violated the federal statute by using a motor vehicle and by using the highway system. Mr. Carlin recognizes that there is no minimum threshold of interaction necessary to show the required nexus between the statute and interstate commerce. However, the extremely broad current kidnapping law (Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587) makes it so that the reach of federal jurisdiction includes virtually every type of kidnapping currently regulated. It is hard to imagine a scenario where a kidnapping case would not be considered in the federal purview.

Mr. Carlin recognizes that the Fifth Circuit has held that, even after United States v. Lopez, 514 U.S. 549 (1995), a *de minimis* effect upon interstate commerce will suffice to invoke federal jurisdiction. *See* United States v. Robinson, 119 F.3d 1205, 1212-16 (5th Cir. 1997), *cert. denied*, 522 U.S. 1139 (1998); *see also* United States v. Miles, 122 F.3d 235, 241 (5th Cir. 1997): *cf.* United States v. Collins, 40 F.3d 95. 99 (5th Cir. 1994) (pre-Lopez decision applying *de minimis* standard), *cert. denied*, 514U.S. 1121 (1995). Nevertheless, the instant case involves

a vehicle driven solely intrastate. Congress has essentially created an opportunity to make a federal case out of virtually any activity on any US road or involving any vehicle, which erodes the constitutionally required "distinction between what is truly national and what is truly local." United States v. Morrison, 529 U.S. 598, 617-18 (2000).

### III.

Because the Federal Kidnapping statute is not constitutional, the Defendant Austin Carlin respectfully requests the Court to grant this Motion to Dismiss.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas
Texas State Bar No. 14003750
Southern District of Texas No. 3233

By: s/ Kristen D. Langford
KRISTEN D. LANGFORD
Assistant Federal Public Defender
Texas State Bar No. 24058875
Southern District of Texas No. 1550211
606 N. Carancahua, Suite 401
Corpus Christi, Texas 78476
 Telephone: (361) 888-3532
 Fax:         (361) 888-3534

### CERTIFICATE OF SERVICE

I, KRISTEN LANGFORD, certify that on this the 15th day of May, 2015, copy of the foregoing motion was delivered via electronic notification to:

1. Assistant United States Attorney Hugo Martinez, 800 N. Shoreline, Ste. 500, Corpus Christi, Texas, 78401.

s/ Kristen D. Langford
KRISTEN D. LANGFORD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **V.** | § | **CRIMINAL NO. C-15-214** |
| **AUSTIN CARLIN** | § | |

## ORDER

Came on for consideration the motion to dismiss by the defendant. The motion is GRANTED/DENIED. The indictment is dismissed.

So ordered this _____ day of _____, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE