UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| vs. | § | CRIMINAL NO. C-15-214 |
| | § | |
| AUSTIN CARLIN | § | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS INDICTMENT

COMES NOW, the United States of America, by and through, the United States Attorney for the Southern District of Texas, and Brittany L. Jensen, Special Assistant United States Attorney, and herein opposes the Defendant's Motion to Dismiss the Indictment in the above named cause.

I.

On March 11, 2015, an indictment was true-billed by the grand jury against the Defendant. In that indictment, the Defendant is charged with kidnapping, in violation of Title 18, United States Code, Section 1201 (a)(1). Defendant argues in his motion that the indictment should be dismissed because the government fails to show that the underlying statute has a substantial effect on interstate commerce. Specifically, the Defendant argues that Title 18 United State Code, Section 1201 (a)(1), as amended in 2006 by a provision in the Adam Walsh Child Protection and Safety Act of 2006, is unconstitutionally broad "which erodes the constitutionally required 'distinction between what is truly national and what is truly local.'" (Def.'s Mot. Dismiss ¶ 5) (quoting *United States v. Morrison*, 529 U.S. 598, 617-18 (2000)).

In 2006, Congress amended the Federal Kidnapping Act, Title 18 United States Code, Section 1201(a)(1). The amendments arising from the Adam Walsh Act of 2006, created federal jurisdiction over kidnappings in which the perpetrator uses facilities or instrumentalities of interstate commerce in committing or in furtherance of the crime. The federal kidnapping statute, as amended, now applies even when the commission of the offense occurred within the borders of a single state, so long as instrumentalities of interstate commerce were involved.

The government strongly disagrees with Defendant's argument. The government contends that the Federal Kidnapping Statute is constitutional, that the power to regulate instrumentalities of interstate commerce is well settled, and that recognized instrumentalities of interstate commerce were utilized by the Defendant during the commission of this offense.

II.

Under the Commerce Clause of the U.S. Constitution, Congress may regulate three broad categories of activity: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities; and (3) those activities which substantially affect interstate commerce. *United States v. Lopez*, 514 U.S. 549, (1995). When Congress regulates the channels or instrumentalities of interstate commerce under *Lopez's* first and second categories, its authority to regulate is plenary. *See, United States v. Al–Zubaidy*, 283 F.3d 804, 811 (6th Cir.2002). Congress may choose to regulate the channels or instrumentalities of interstate commerce even where the harmful targeted activity is purely local with no interstate effects. *See, United States v. Ballinger*, 395 F.3d 1218, 1226 (11th Cir.2005). The United States Supreme Court had stated that airplanes, railroads, highways, and bridges constitute instrumentalities of interstate commerce which Congress can regulate under the Commerce Clause. *United States v. Bishop*, 66 F.3d 569, 588 (3d Cir, 1995). In *Bishop*, the court discussed whether an

automobile would likewise be considered an instrumentality of interstate commerce, stating:

> Instrumentalities differ from other objects that affect interstate commerce because they are used as a means of transporting goods and people across state lines. Trains and planes are inherently mobile; highways and bridges, though static, are critical to the movement of automobiles. It would be anomalous, therefore, to recognize these categories of instrumentalities but to suggest that the similarly mobile automobile is not also an instrumentality of interstate commerce.

*Id* at 588. The fact that a vehicle may theoretically remain intrastate does not withdraw it from Congress' Commerce Clause power. *Id* at 589. Congress has plenary authority to regulate instrumentalities of interstate commerce and can forbid their use to facilitate kidnapping - even when the kidnapping itself takes place entirely within the borders of one state. *United States v. Ochoa*, No. 8-CR-1980 WJ, 2009 WL 3878520, at *2 (D.N.M. Nov. 12, 2009).

III.

The pertinent facts of this case are as follows: on or about February 22, 2015, the Defendant abducted a minor child, identified in the indictment as K.D., from her home. The Defendant traveled with the minor child in a white Dodge Caravan. Ultimately the Defendant and K.D. were located by police in the Dodge Caravan traveling West on Interstate Highway 10, in or around Ozona, Texas.

IV.

As applied to the facts here, the Federal Kidnapping Act is a constitutional exercise of Congress' power to regulate the instrumentalities of interstate commerce. The government contends that the Defendant traveled in a motor vehicle, on a highway. Both the motor vehicle and the highway are instrumentalities of interstate commerce. Congress constitutionally has plenary authority to regulate

3

the instrumentalities of interstate commerce. Therefore, Title 18 United States Code, Section 1201 (a)(1) is not unconstitutionally broad as alleged by the Defendant's motion.

Although the Fifth Circuit has not yet had the opportunity to rule on the amended Federal Kidnapping Act, the underlying principles are well settled law in both the Fifth Circuit and the Supreme Court of the United States. To date, three district courts have addressed the constitutionality of the Federal Kidnapping Act as amended by the Adam Walsh Act, and all three have upheld the statute as a valid exercise of Congress' power to regulate the instrumentalities of interstate commerce. *See United States v. Augustin,* No. 1:09–CR187, 2010 WL 2639966 at *4 (E.D. Tenn. June 28, 2010); *United States v. Ochoa,* No. 8–CR–1980 WJ, 2009 WL 3878520 at *3 (D.N.M. Nov. 12, 2009); *United States v. Jacques*, No. 2:08-CR-117, 2011 WL 1706765, at *10 (D. Vt. May 4, 2011).

V.

For the foregoing reasons, the United States respectfully urges the Court to deny the Defendant's Motion to Dismiss the Indictment on the grounds that the indictment is legally sufficient.

    Respectfully submitted,

    KENNETH MAGIDSON
    UNITED STATES ATTORNEY

By:   <u>/s/ *Brittany L. Jensen*</u>
    BRITTANY L. JENSEN
    Special Assistant United States Attorney
    Texas Bar # 24050821
    SDTX Admission # 2487038
    800 N. Shoreline Blvd., Suite 500
    Corpus Christi, Texas 78401
    (361) 888-3111
    (361) 888-3200 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT in the case of United States v. Austin Carlin, has been electronically filed with the U.S. District Clerk on May 29, 2015 and emailed to Defendant's attorney, Kristen D. Langford on the same date.

/s/ *Brittany L. Jensen*
BRITTANY L. JENSEN
Special Assistant United States Attorney