UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| V. | § | CAUSE NO. C-15-214 |
| AUSTIN CARLIN | § | |

## MOTION TO SUPPRESS STATEMENTS

TO THE HONORABLE NELVA GONZALES-RAMOS, UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS:

NOW COMES the Defendant, Austin Carlin ("Mr. Carlin" or "Defendant") by and through his attorney of record, Kristen D. Langford, Assistant Federal Public Defender, and pursuant to the Fifth Amendment to the United States Constitution and hereby requests that this Court enter an Order granting this Motion to Suppress Statements and in support thereof would show the following:

I.

Mr. Carlin currently stands charged by indictment with Kidnapping.

II.

**Defense counsel seeks to suppress the following:**

1. Any and all statements unlawfully seized from Mr. Carlin after his apprehension by government agents; and
2. Any and all other evidence obtained, directly or indirectly, as a result of any unlawfully seized statements.

**Mr. Carlin requests an order suppressing these statements on the following bases:**

1. Government agents failed to properly advise Mr. Carlin of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966).
2. Due to Mr. Carlin's mental condition, complete lack of formal education, first interaction with the federal criminal justice system, the advisal (or lack thereof) of his rights by government agents and the manner in which government agents advised him of those rights, he did not knowingly and intelligently waive his rights pursuant to *Miranda*.

3. Due to the circumstances surrounding Mr. Carlin's apprehension and interrogation, his mental condition at the time of the reading of his rights, and the manner in which government agents presented those rights to him, he made no voluntary waiver of his rights pursuant to *Miranda*.
4. Due to the manner in which the agents interrogated Mr. Carlin and his mental condition at the time of the interrogation, he made no voluntary statements.

III.
STATEMENT OF FACTS

On February 22, 2015 at approximately 11:30 AM, in the area near Ozona, TX, a white Dodge Caravan was pulled over in response to an Amber Alert of a missing child out of Corpus Christi, TX. The missing girl was discovered in the Dodge Caravan and Austin Carlin, the driver, was immediately arrested and taken to the Sutton County Sherriff's Office. There, he was interviewed jointly by investigators of the Corpus Christi Police Department and the FBI. The interview and Miranda Warnings were video and audio recorded. Thereafter, Carlin allegedly admitted to kidnapping the girl found in the car he was driving. Carlin makes it clear that he has mental health issues and repeatedly asks for help from the Agents and also tells them that he cannot afford an attorney.

Mr. Carlin has, at least, intellectual deficits and, at most, severe mental illness. He has been tested in the recent past to have an IQ of 63-67; which, according to that psychological examiner, puts Mr. Carlin at the functioning age of a 7 and a half year old. A competency examination was conducted on Mr. Carlin before his detention hearing in the instant offense, by a different examiner, and he was found to be competent. However, no other intellectual tests or mental health assessments were conducted. A separate psychological examination will be sought prior to a hearing on this suppression matter by an independent consulting expert.

V.
SUMMARY OF ARGUMENT

Government agents failed to properly and adequately explain the rights Mendoza has pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). *Miranda* warnings must reasonably convey the rights to the suspect. See *California v. Prysock*, 453 U.S. 355, 360-61 (1981). If there is a failure to properly convey

the substance of the *Miranda* protection, the adequacy of a warning may be left wanting, resulting in a determination that the advisory was also inadequate.

In addition to this infirmity, a waiver of one's rights pursuant to *Miranda* must be shown to be voluntary, knowing, and intelligent. *Edwards v. Arizona*, 451 U.S. 477, 482 (1981); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). The government will be ill-equipped to show this waiver. Mr. Carlin could not knowingly, voluntarily, and intelligently waive his *Miranda* rights.

Additionally, a confession given where government agents made use of the defendant's mental state and mental condition may constitute subtle psychological persuasion which is constitutionally prohibited under the Due Process clause. *Colorado v. Connelly*, 479 U.S. 157, 164 (1986). In the case at bar, it appears as though Mr. Carlin signed a waiver form purporting to waive his *Miranda* rights and waived his right to speak with a lawyer. It is clear from the recorded statement that Mr. Carlin is shocked, confused, very immature, low functioning and not entirely aware of what he is even being charged with, much less what he is doing in that room or the importance of it or that he could consult with an attorney provided by the Court prior to speaking to the Agents. The Government will not be able to prove that Mr. Carlin voluntarily made any statement.

VI.

LEGAL ARGUMENT

A.  GOVERNMENT AGENTS FAILED TO ADEQUATELY ADVISE MR. CARLIN OF HIS *MIRANDA* RIGHTS.

*Miranda* warnings must reasonably convey the rights to the suspect. *See California v. Prysock*, 453 U.S. 355, 361 (1981). The manner in which government agents presented the *Miranda* rights to Mr. Carlin was done by way of a recitation of the *Miranda* rights by CCPD Detectives, Charla Hemerly and Mike Wenzel. The average United States adult may be familiar with the *Miranda* rights because of television and popular culture. However, Mr. Carlin is extremely low functioning. The Miranda warnings contain legal terms that have very little meaning to Mr. Carlin because he is functioning on the intellectual level of a first grader. Unless, the agent makes the effort to explain the legal terms in a way that an elementary-school-aged child can understand, Mr. Carlin would not have understood the consequences of waiving his rights. The combined effect of Mr. Carlin's very low IQ, possible mental illness and shock from arrest makes it highly unlikely that that Mendoza's *Miranda* warnings were reasonably conveyed.

Therefore, Mr. Carlin was inadequately warned of the consequences of speaking to officials without first speaking with a lawyer, and his statements should be suppressed.

### B. MR. CARLIN DID NOT KNOWINGLY AND INTELLIGENTLY WAIVE HIS MIRANDA RIGHTS.

A defendant may waive his Miranda rights provided the waiver is made voluntarily, knowingly, and intelligently. *Miranda*, 384 U.S. at 475; *Moran v. Burbine*, 475 U.S. 412, 421 (1986). If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. *Miranda*, 384 U.S. at 475.

The Moran Court discussed two distinct dimensions for determining whether a waiver was voluntarily, knowingly, and intelligently entered. Moran, 475 U.S. at 421. First, the waiver of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. *Id.* Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *Id.* In assessing the validity of a waiver of *Miranda* warnings, the Supreme Court applies a "totality of the circumstances" test. *Id.*

Limited intellectual ability and lack of familiarity with the criminal process factor into the determination of whether the suspect made a valid waiver. *Cooper v. Griffin*, 455 F.2d 1142, 1145 (5th Cir. 1972). Mental deficiency, age, and lack of familiarity with the criminal process have been held to be important factors in determining whether a defendant validly waived his constitutional rights. *Id*. In Cooper, two defendants challenged the admissibility to their confessions on the grounds that their waiver of the *Miranda* warnings were not knowing and intelligent. *Id.* at 1143. The defendants were both mentally retarded and sixteen years of age, respectively, at the time of their confessions. *Id*. at 1144. They had no previous experience with the criminal justice process. *Id.* Both were taken to the police station for interrogation. *Id*. at 1146.

In the case at bar, government agents arrested Mr. Carlin and took him to the Police Station. It is clear in the video that Mr. Carlin is confused and repeatedly tells the Officers that he has mental problems and needs help. The Officers did not make the effort to question Mr. Carlin and ask him what any of the legal terms he explained meant. In fact, when it was read to Mr. Carlin that he could have a lawyer present

Mr. Carlin states that he cannot afford an attorney and it was clear that he did not understand that one would be appointed to him. Mr. Carlin felt he had no choice but to talk to the Officers.

With this mental and intellectual backdrop and a mere cursory, and sometimes inaccurate, explanation or recitation of *Miranda* rights it appears Mr. Carlin could not have knowingly and intelligently waived his rights.

## C.  MR. CARLIN DID NOT PROVIDE GOVERNMENT AGENTS WITH A VOLUNTARY STATEMENT.

Admission of an involuntary statement as evidence against a person accused of a criminal offense violates the rights of that person to be free from self-incrimination and to due process of law as guaranteed by the Fifth Amendment to the United States and Constitution. *Oregon v. Elstad*, 470 U.S. 298, 304 (1985). The government has the burden of proving the voluntariness of the statements made by the accused that it seeks to admit. *Colorado v. Connelly,* 497 U.S. 157, 168-69 (1968). The Court determines the issue of voluntariness under the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). There is a presumption against waiver of *Miranda* rights. *North Carolina v. Butler*, 441 U.S. 369, 373 (1966). The particular facts and circumstances, including the background, experience, and conduct of the accused determine the validity of the waiver. *North Carolina v. Butler*, 441 U.S. at 373 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

The United States Supreme Court has repeatedly recognized that a confession by a person of limited intelligence is more likely to be involuntary. *See, e.g., Sims v. Georgia*, 389 U.S. 404, 407 (1967); *Fikes v. Alabama*, 352 U.S. 191, 196 (1957). In *Sims*, the Supreme Court held that despite police giving of warning, a person's low mental capacity, coupled with other circumstances renders the giving of the rights of little significance. *Sims*, 389 U.S. at 407. In *Fikes*, 352 U.S. at 196-97. Furthermore, limited mental ability and unfamiliarity with the criminal process are factors which weigh heavily against the voluntariness of a confession. *Cooper v. Griffin*, 455 F.2d 1142, 1145 (5th Cir. 1972).

The critical element in determining whether a confession/statement was involuntarily given is the element of police overreaching. *Colorado v. Connelly*, 479 U.S. 157, 163-64 (1986). Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law. *Id*. at 164. In *Connelly*, a mentally ill individual approached the police and began speaking about how he had murdered someone and how he wanted to talk about it. *Id*. at 160. Police immediately advised Connelly of his rights and Connelly wanted to continue

speaking with them. *Id.* The Supreme Court held that the confession given by Connelly was admissible, since the police had not engaged in any coercive conduct. *Id.* at 167. While *Connelly* dealt with the due process clause contained in the Fourteenth Amendment, as applicable to the states, the same due process arguments abide with respect to actions of the federal government in this context.

In the case at bar, there were several officers in a room with Mr. Carlin at a given time. It seems that Mr. Carlin is rather soft-spoken and timid. It seems that Mr. Carlin's submission to questions from law enforcement was due to their authoritarian presence rather than his voluntary decision to speak with them. Agents pieced together their theory as to what happened and Carlin's statement conveniently inculpates him. From all outward appearances, law enforcement officers overreached and took advantage of Mr. Carlin's intellectual capacity in securing his statement. It appears that the same hasty zeal that befell agents in explaining Mr. Carlin's rights, assuring that he understood his rights, and assuring that he appreciated the consequences of any waiver, also overcame the constitutional requirement that his so-called confession be voluntary. In this case, government agents, through their own behavior, conducted a rapid-fire admonishment of rights and took a statement from a boy with the mind of a seven year old with mental health issues. Mr. Carlin could not have understood the momentous and dire result of his having placed his signature on a sheet of paper. Under all of the circumstances, Mr. Carlin did not make a voluntary statement.

## VII.
## REQUEST FOR HEARING

Mr. Carlin is to be examined by Dr. Sharon Rogers at a date currently unknown. Defense counsel is discussing possible dates with her office. Therefore, Mr. Carlin requests a hearing on the Motion to Suppress on a day set after the psychological examination takes place. Defense counsel will consult with the Court as soon as that date becomes known.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Mr. Carlin requests suppression of any and all statements illegally seized from him by the Government.

Respectfully submitted,

Marjorie A. Meyers

Federal Public Defender
Southern District of Texas
Texas State Bar No. 14003750
Southern District of Texas No. 3233

By s/ Kristen D. Langford
KRISTEN D. LANGFORD
Assistant Federal Public Defender
Southern District of Texas
606 N. Carancahua St, Suite 401
Corpus Christi, TX 78401
Office: (361) 888-3532
Fax: (361) 888-3534
Texas State Bar No. 24058875
Southern District Bar No. 1550211
Attorney for Mr. Carlin

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing instrument was served by notice of electronic filing upon all parties of record on this 10th day of July, 2015.

> By s/ Kristen D. Langford
> KRISTEN D. LANGFORD
> Assistant Federal Public Defender

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CAUSE NO. C-15-214 |
| AUSTIN CARLIN | § | |

**ORDER**

On this day came to be considered Defendant's Motion to Suppress. After having considered evidence therein, the Court is of the opinion that said motion shall be, and is hereby, **GRANTED**.

IT IS ORDERED that all statements given by Defendant shall be, and are hereby, SUPPRESSED.

SIGNED on this the _____ day of _____, 2015.

_____
NELVA GONZALES-RAMOS
United States District Judge